# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 7:11-CR-36 (HL) |
| **JAMES WILLIS**, | |
| Defendant. | |

## ORDER

Before the Court is Defendant James Willis' Motion Requesting a Judicial Recommendation Concerning Length of Halfway House Placement. (Doc. 86). Defendant moves the Court to issue a recommendation to the Bureau of Prisons ("BOP") that Defendant be placed in the Residential Re-entry Center Program for the final twelve months of his sentence. The Court denies Defendant's motion for the following reasons.

On December 8, 2011, Defendant entered a plea of guilty to Count One of a four count indictment, charging Defendant with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). At Defendant's sentencing hearing held on February 27, 2012, the Court determined that based on a total offense level of 23 and a criminal history category of IV, Defendant had an advisory guideline range of 70 to 87 months. The Court thereafter sentenced Defendant to serve 80 months imprisonment followed by three years supervised release, to run consecutively to Defendant's state court sentences in Henry and

Colquitt Counties.  On February 14, 2014, pursuant to the Government's motion filed under Federal Rule of Criminal Procedure 35(b), Court entered an Amended Judgment (Doc. 79) reducing Defendant's sentence to 48 months, to be served consecutively to Defendant's state court sentences.

Defendant filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) on May 19, 2015 (Doc. 81), seeking an additional reduction of his sentence based on Amendment 782 to the Sentencing Guidelines. Amendment 782 provides a two-level reduction in the base level offense for most drug offenses under U.S.S.G. § 2D1.1(c)'s Drug Quality Table.  <u>United States v. Thomas</u>, 606 F. App'x 556 (11th Cir. 2015) (citing U.S.S.G. app. C, amend. 782 (2014)). Finding Defendant eligible under the applicable amendment, the Court granted Defendant's motion and further reduced his sentence to 34 months imprisonment. (Doc. 83).

Defendant now asks the Court to make a judicial recommendation to the BOP that Defendant be permitted to serve the last year of his sentence in a half-way house. The authority to designate the place of a prisoner's confinement lies exclusively with the BOP:

> The Bureau of Prisons shall designate the place of a prisoner's imprisonment . . ., considering –
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –

2

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> 
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); see also United States v. Anderson, 517 Fed. App'x 772, 775 (11th Cir. 2013) ("The BOP also retains discretion to decide how to classify prisoners and choose the institution in which to place them."). While it is within the Court's discretion to offer a recommendation to the BOP that Defendant be placed in community corrections for the final twelve months of his incarceration, Defendant has failed to persuade the Court that he is a viable candidate for such placement. His motion is accordingly denied.[1]

**SO ORDERED** this 11th day of December, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[1] The Court notes that there appears to be a page, or potentially pages, missing from Defendant's motion. A portion of Paragraph 8, as well as Paragraphs 9 through 12 have been omitted. Thus, the only information the Court has before it to review is Defendant's statement that he is 38-years old and unmarried with 5 children. Defendant also expresses remorse for his past transgressions and notes that he provided full cooperation to the Government.